POLSTON, J.,
dissenting.
The Florida Bar Civil Procedure Rules Committee filed a response in opposition to the proposed rule, stating:
[T]he new complex litigation rule proposed in a petition by the Task Force is unnecessary and places an unduly heavy burden on the time and financial resources of overburdened judges, clerks, and them staffs in a time of unprecedented budget cuts. The Task Force’s Report contains no empirical evidence that such a rule is either needed or supported by even a minority of trial judges and lawyers across the state. Significantly, the majority of what the new rule attempts to accomplish can be found, for the most part, in existing Rule 1.200.
The Rules Committee approved this response at its September 12, 2008 meeting by a vote of 42-0. The Rules Committee consists of members from diverse backgrounds and practice areas, representing plaintiffs and defendants, and from private practice and government agencies, as well as judges from across the state. The Florida Bar Board of Governors, by its executive committee, approved the response 8-0.
Judge Peter D. Webster, a Task Force member, filed a minority view also expressing an opinion that the rule is unnecessary.
I am persuaded by the Rules Committee’s response and the comments by Judge Webster that we should not adopt the proposed rule; therefore, I respectfully dissent.
QUINCE, C.J., and CANADY, J„ concur.
APPENDIX
RULE 1.100. PLEADINGS AND MOTIONS
(a)-(b) [No Change]
(c) Caption.
(1) Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.
(2) A civil cover sheet (form 1.997) shall be completed and filed with the clerk at *566 the time an initial complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk shall accept the complaint or petition for filing; but all proceedings in the action shall be abated until a properly executed cover sheet is completed and filed. The clerk shall complete the civil cover sheet for a party appearing pro se.
(3)A final disposition form (form 1.998) shall be filed with the clerk by the prevailing party at the time of the filing of the order or judgment which disposes of the action. If the action is settled without a court order or judgment being entered, or dismissed by the parties, the plaintiff or petitioner immediately shall file a final disposition form (form 1.998) with the clerk. The clerk shall complete the final disposition form for a party appearing pro se, or when the action is dismissed by court order for lack of prosecution pursuant to rule 1.420(e).
(d) [No Change]
Committee Notes
[No Change]
RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conference. At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) schedule or reschedule the service of motions, pleadings, and other papers;
(2) set or reset the time of trials, subject to rule 1.440(c);
(3) coordinate the progress of the action if the complex litigation factors contained in rule 1.201(a)(2)(A)-(a)(2)(H) are present;
(4) limit, schedule, order, or expedite discovery;
(5) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(6) schedule or hear motions in limine;
(7) pursue the possibilities of settlement;
(8) require filing of preliminary stipulations if issues can be narrowed;
(9) consider referring issues to a magistrate for findings of fact; and
(10) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b)-(d) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 1.201. COMPLEX LITIGATION
(a) Complex Litigation Defined. At any time after all defendants have been served, and an appearance has been entered in response to the complaint by each party or a default entered, any party, or the court on its own motion, may move to declare an action complex. However, any party may move to designate an action complex before all defendants have been served subject to a showing to the court why service has not been made on all defendants. The court shall convene a hearing to determine whether the action requires the use of complex litigation procedures and enter an order within 10 days of the conclusion of the hearing.
(1) A “complex action” is one that is likely to involve complicated legal or case management issues and that may require extensive judicial management to expedite *567 the action, keep costs reasonable, or promote judicial efficiency.
(2) In deciding whether an action is complex, the court must consider whether the action is likely to involve:
(A) numerous pretrial motions raising difficult or novel legal issues or legal issues that are inextricably intertwined that will be time-consuming to resolve;
(B) management of a large number of separately represented parties;
(C) coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court;
(D) pretrial management of a large number of witnesses or a substantial amount of documentary evidence;
(E) substantial time required to complete the trial;
(F) management at trial of a large number of experts, witnesses, attorneys, or exhibits;
(G) substantial post-judgment judicial supervision; and
(H) any other analytical factors identified by the court or a party that tend to complicate comparable actions and which are likely to arise in the context of the instant action.
(3) If all of the parties, pro se or through counsel, sign and file with the clerk of the court a written stipulation to the fact that an action is complex and identifying the factors in (2)(A) through (2)(H) above that apply, the court shall enter an order designating the action as complex without a hearing.
(b) Initial Case Management Report and Conference. The court shall hold an initial case management conference within 60 days from the date of the order declaring the action complex.
(1)At least 20 days prior to the date of the initial case management conference, attorneys for the parties as well as any parties appearing pro se shall confer and prepare a .joint statement, which shall be filed with the clerk of the court no later than 14 days before the conference, outlining a discovery plan and stating:
(A) a brief factual statement of the action, which includes the claims and defenses;
(B) a brief statement on the theory of damages by any party seeking affirmative relief;
(C) the likelihood of settlement;
(D) the likelihood of appearance in the action of additional parties and identification of any nonparties to whom any of the parties will seek to allocate fault;
(E) the proposed limits on the time: (i) to join other parties and to amend the pleadings, (ii) to file and hear motions, (iii) to identify any nonparties whose identity is known, or otherwise describe as specifically as practicable any nonparties whose identity is not known, (iv) to disclose expert witnesses, and (v) to complete discovery;
(F) the names of the attorneys responsible for handling the action;
(G) the necessity for a protective order to facilitate discovery;
(H) proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary .judgment;
(I) the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, stipulations regarding authenticity *568 of documents, electronically stored information, and the need for advance rulings from the court on admissibility of evidence;
(J) suggestions on the advisability and timing; of referring matters to a magistrate, master, other neutral, or mediation;
(K) a preliminary estimate of the time required for trial;
(L) requested date or dates for conferences before trial, a final pretrial conference, and trial;
(M) a description of pertinent documents and a list of fact witnesses the parties believe to be relevant;
(N) number of experts and fields of expertise; and
(O) any other information that might be helpful to the court in setting further conferences and the trial date.
(2) Lead trial counsel and a client representative shall attend the initial case management conference.
(3) Notwithstanding rule 1.440, at the initial case management conference, the court will set the trial date or dates no sooner than 6 months and no later than 24 months from the date of the conference unless good cause is shown for an earlier or later setting. The trial date or dates shall be on a docket having sufficient time within which to try the action and, when feasible, for a date or dates certain. The trial date shall be set after consultation with counsel and in the presence of all clients or authorized client representatives. The court shall, no later than 2 months prior to the date scheduled for jury selection, arrange for a sufficient number of available jurors. Continuance of the trial of a complex action should rarely be granted and then only upon good cause shown.
(c) The Case Management Order. The case management order shall address each matter set forth under rule 1.200(a) and set the action for a pretrial conference and trial. The case management order also shall specify the following:
(1) Dates by which all parties shall name their expert witnesses and provide the expert information required by rule 1.280(b)(4). If a party has named an expert witness in a field in which any other parties have not identified experts, the other parties may name experts in that field within 30 days thereafter. No additional experts may be named unless good cause is shown.
(2) Not more than 10 days after the date set for naming experts, the parties shall meet and schedule dates for deposition of experts and all other witnesses not yet deposed. At the time of the meeting-each party is responsible for having secured three confirmed dates for its expert witnesses. In the event the parties cannot agree on a discovery deposition schedule, the court, upon motion, shall set the schedule. Any party may file the completed discovery deposition schedule agreed upon or entered by the court. Once filed, the deposition dates in the schedule shall not be altered without consent of all parties or upon order of the court. Failure to comply with the discovery schedule may result in sanctions in accordance with rule 1.380.
(3) Dates by which all parties are to complete all other discovery.
(4) The court shall schedule periodic case management conferences and hearings on lengthy motions at reasonable intervals based on the particular needs of the action. The attorneys for the parties as well as any parties appearing pro se shall confer no later than 15 days prior to each case management conference or hearing. They shall notify the court at least 10 days prior to any case management conference or hearing if the parties stipulate that a case management conference or hearing *569 time is unnecessary. Failure to timely notify the court that a case management conference or hearing time is unnecessary may result in sanctions.
(5) The case management order may include a briefing schedule setting forth a time period within which to file briefs or memoranda, responses, and reply briefs or memoranda, prior to the court considering such matters.
(6) A deadline for conducting alternative dispute resolution.
(d) Final Case Management Conference. The court shall schedule a final case management conference not less than 90 days prior to the date the case is set for trial. At least 10 days prior to the final case management conference the parties shall confer to prepare a case status report, which shall be filed with the clerk of the court either prior to or at the time of the final case management conference. The status report shall contain in separately numbered paragraphs:
(1) A list of all pending motions requiring action by the court and the date those motions are set for hearing.
(2) Any change regarding the estimated trial time-
fS) The names of the attorneys who will try the case.
(4)A list of the names and addresses of all non-expert witnesses (including impeachment and rebuttal witnesses) intended to be called at trial. However, impeachment or rebuttal witnesses not identified in the case status report may be allowed to testify if the need for their testimony could not have been reasonably foreseen at the time the case status report was prepared.
(5) A list of all exhibits intended to be offered at trial.
(6) Certification that copies of witness and exhibit lists will be filed with the clerk of the court at least 48 hours prior to the date and time of the final case management conference.
(7) A deadline for the filing of amended lists of witnesses and exhibits, which amendments shall be allowed only upon motion and for good cause shown.
(8) Any other matters which could impact the timely and effective trial of the action.
RULE 1.440. Setting Action for Trial
(a)-(c) [No Change]
(d) Applicability. This rule does not apply to actions to which chapter 51, Florida Statutes (1967), applies or to cases designated as complex pursuant to rule 1.201.
Committee Notes
[No Change]
Court Commentary
[No Change]
Form 1.997 Civil Cover Sheet
The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is requiredshall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions on-the-reverse- of the formfor completion).
I. CASE STYLE
*570 (Name of Court)_
Plaintiff _ Case #:
_ Judge:
vs.
Defendant
II.TYPE OF CASE (Placo an x in one box only. If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.
Domestic-Relations Torts Other Civil
El Simplified-dissolution B Professional B Contr-aets
malpractice
El Support-I-V-B B Products liability B Real property/ Mort-
El Support-Non IV D gage foreclosure
H UIFSA-W-B B Eminent domain
B UIFSA-Non I-V-D B Challenge to proposed
constitutional amendment
a Other^ domestic relations BOther
□ Condominium □ Professional malpractice
□ Contracts and indebtedness □ Malpractice — business
□ Eminent domain □ Malpractice — medical
□ Auto negligence □ Malpractice — other professional
□ Negligence — other □ Other
□ Business governance □ Antitrust/Trade regulation
□ Business torts □ Business transactions
□ Environmental/Toxic tort □ Constitutional challenge — statute or
□ Third party indemnification ordinance
□ Construction defect □ Constitutional challenge — proposed
□ Mass tort amendment
□ Negligent security □ Corporate trusts
□ Nursing home negligence □ Discrimination — employment or other
□ Premises liability — commercial □ Insurance claims
□ Premises liability — residential □ Intellectual property
□ Products liability □ Libel/Slander
□ Real property/Mortgage foreclosure □ Shareholder derivative action
□ Commercial foreclosure □ Securities litigation
□ Residential foreclosure □ Trade secrets
□ Other real property actions
III. REMEDIES SOUGHT (check all that apply):
|~~| monetary;
|~1 nonmonetary declaratory or injunctive relief;
|~~| punitive
IV. NUMBER OF CAUSES OF ACTION: [ ] (specify)
*571 V. IS THIS CASE A CLASS ACTION LAWSUIT?
n.yes
□ no
VL HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
Q no
f~l yes If “yes,” list all related eases by name, case number, and court.
VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
□ yes
□ no
©ate-_SIGNATURE OF AT-TOR-N-EY FOB-PARTY INITIATING ACTION
I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.
Signature_Fla. Bar #_
Attorney or party (Bar # if attorney)
(type or print name) Date
FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and .juvenile cases should be accompanied by a completed Family Court Cover Sheet, Florida Supreme Court Approved Family Law Form 12.928. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiffs) and defendant(s).
II. Type of Case. Place an “X” in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an “X” in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.
(A) Simplified Dissolution of Marriage— petitions ■ for the termination of ■ marriage pursuant to Fla.Fam.L.R.P.12.105.
(B) Dissolution of Marriage — petitions for the termination of marriage other than simplified-dlssolutiom
(C) Support-IV-D — all matters relating to child or-spousal support in which an application for. assistance-has -been filed-under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage — petitions—(sections—409.2564, *572 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSAt
(D) Support — Non IV-D — all matters-relating to child or spousal support in-which an application for-assistanee has not been filed under Title IV-D, Soeial Security Act.
(E) U-I-ESAIV-D — all-matters relating-to Chaptei-88, Florida Statutes in which an application — for ■ assistance -has been — filed under Title-I-V-D,-Social Security Act.-
(F) UIFSA-Non IV-D — all matters relating to Chapter 88, Florida Statutes-,-4n which an application for ■ assistance-has not been filed under Title IV-D, Social Security Act,
(G) Domestic Violence — all matters relating to injunctions for — protection against domestic — violence—pursuant—te—section 741.30, Florida Statutes,,
(H) Domestic Relations — all matters ■ -involving ■ adoption, — paternity,—change, -of name, child-eustod-y, separate maintenanee7 annulment, or other matters not included in categories (A) through-(Gjr
(I) Auto. -Negligence — all matters arising out- of-a-party’s allegedl-y-ncgligent operation of a motor vehicle,
(J) Professional Malpractice — all professional malpractice lawsuits.-
(K) Products Liability — all- matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or-from a failure to warn.
(L) Other Negligence — all actions sounding in — negligence,—including—statutory claims for.-relief on account of death or injury, not-included-in-categories (I), (J), and-OQ,
(M) Condominium — all civil lawsuits pursuant to Chapter 718, Florida Statutes? where a condominium . association is-a-party in the-lawsuit..
(N) Eminent Domain — all matters relating to the taking of private-property for public use, including inverse condemnation by state agencies, political subdivisions,-and public service corporations.
(O) Real — Property/Mortgage—Foreelo-sure — all-matters relating to the possession, -title^and boundaries of real property.. All — mattes involving foreclosures — and sales, — including—foreclosures—associated with condominium-associations and condominium units.
(P) Contract and-indebtedness — all .contract actions relating-to — promissory-motes and other- debts, including those arising from the sale of goods. — Excludes contract disputes -involving condominium — associations,
(Q) Challenge to proposed constitutional amendment — a challenge to a legislatively initiated — proposed constitutional amendment. — Excludes challenges to citizen-initiated -proposed constitutional amendments, because the Florida Supreme Court has direct jurisdiction of-suofa- challenges,
(R) Other Civil — all civil matters not-included in categories (A)-through (Q),
HR — Is -Jury Trial-Demanded Im-Com-plaint? — Check the appropriate box to indicate whether a jury-is-being demanded in the complaint.
DATE AND ATTORNEY SIGNAT-U-RE.
Date and sign the civil-cover sheet.
Condominium — all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
Contracts and indebtedness — all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
Eminent domain — all matters relating to the taking of private property for public *573 use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
Auto negligence — all matters arising out of a party’s allegedly negligent operation of a motor vehicle.
Negligence — other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
Business governance — all matters relating to the management, administration, or control of a company.
Business torts — all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.
Environmental/Toxic tort — all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
Third party indemnification — all matters relating to liability transferred to a third party in a financial relationship.
Construction defect — all civil lawsuits pursuant to Chapter 558, Florida Statutes, in which damage or injury was allegedly caused by a failure to follow acceptable construction trade standards.
Mass tort — all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
Negligent security — all matters involving injury to a person or property allegedly resulting from insufficient security.
Nursing home negligence — all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
Premises liability — commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
Premises liability — residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
Products liability' — -all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
Real property/Mortgage foreclosure — all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
Commercial foreclosure — all matters relating to the termination of a business owner’s interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Residential foreclosure — all matters relating to the termination of a residential property owner’s interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.
Other real property actions — all matters relating to land, land improvements, or property rights.
Professional malpractice — all professional malpractice lawsuits.
Malpractice — business—all matters relating to a business’s or business person’s failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.
Malpractice — medical—all matters relating to a doctor’s failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.
*574 Malpractice — other professional — all matters relating to negligence of those other than medical or business professionals.
Other. — all civil matters not included in other categories.
Antitrust/Trade regulation — all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.
Business transactions — all matters relating to actions that affect financial or economic interests.
Constitutional challenge — statute or ordinance — a challenge to a statute or ordinance, citing a violation of the Florida Constitution.
Constitutional_challenge — proposed amendment — a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.
Corporate trusts — .all matters relating to the business activities of financial services companies or banks acting in a fiduciary-capacity for investors.
Discrimination — employment or other. — all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.
Insurance claims — all matters relating to claims filed with an insurance company-
intellectual property — all matters relating to intangible rights protecting commercially valuable products of the human intellect.
Libel/Slander — all matters relating to written, visual, oral, or aural defamation of Character-
Shareholder derivative action — all matters relating to actions by a corporation’s shareholders to protect and benefit all shareholders against corporate management for improper management.
Securities litigation — all matters relating to the financial interest or instruments of a company or corporation.
Trade secrets — all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.
III. Remedies Sought. Place an “X” in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.
IV. Number of Causes of Action. If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.
V. Class Action. Place an “X” in the appropriate box.
VI. Related Cases. Place an “X” in the appropriate box.
VII. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether a jury trial is being demanded in the complaint
ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.
FORM 1.998. FINAL DISPOSITION FORM
This form is requiredshall be filed by the prevailing party for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions on the reverse of the form.)
*575 I. CASE STYLE
(Name of Court)_
Plaintiff _ Case #: _
_ Judge: _
vs
Defendant_
Dismissed After Hearing-
Disposed by Default
Disposed by Judge
MEANS OF FINAL DISPOSITION (Place an “x” in one box only)
Dismissed Before Hearing
Disposed by Non-jury Trial
Disposed by Jury Trial
Dismissed Pursuant to Settlement
Dismissed Pursuant to Mediated Settlement
Other
DATE_SIGNATURE OF ATTORNEY FOR PREVAILING PARTY
INSTRUCTIONS FOR ATTORNEYS COMPLETING FINAL DISPOSITION FORM
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned to the case and the names (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Means of Final Disposition. Place an “x” in the appropriate box. The following are the definitions of the disposition categories.
(A) Dismissed Before Hearing — the case is settled or voluntarily dismissed before a hearing is held;
(B) Dismissed After Hearing — the case is dismissed by a judge, voluntarily dismissed, or settled after a hearing is held;
(C) Disposed by Default — a defendant chooses not to or fails to contest the plaintiffs allegations and a judgment against the defendant is entered by the court;
(D) Disposed by Judge — a judgment or disposition is reached by the judge in a case whic-hthat is not dismissed and in which no trial has been held. Includes stipulations by the parties, conditional judgments, summary judgment after hearing, and any matter in which a judgment is entered excluding cases disposed of by default as in categoiy (c) above;
(E) Disposed by Non-Jury Trial — the case is disposed as a result of a contested trial in which there is no jury and in which the judge determines both the issues of fact and law in the case;
(F) Disposed by Jury Trial — the case is disposed as a result of a jury trial (consider the beginning of a jury trial to be when *576 the jurors and alternates are selected and sworn);
(G) Dismissal Pursuant to Settlement— the case is voluntarily dismissed by the plaintiff after a settlement is reached without mediation;
(H) Dismissal Pursuant to Mediated Settlement — the case is voluntarily dismissed by the plaintiff after a settlement is reached with mediation;
(GI) Other — the case is consolidated, submitted to arbitration or mediation, transferred, or otherwise disposed by other means not listed in categories (A) through (F)(H).
DATE AND ATTORNEY SIGNATURE.
Date and sign the final disposition form.
FORM 1.999. ORDER DESIGNATING A CASE COMPLEX. This form order is for designating a case complex under rule 1.201 and directing the dork of court to update the court’s records and to report the case activity to the Supreme Court.
ORDER DESIGNATING CASE A “COMPLEX CASE” DIRECTIONS TO THE CLERK OF COURT
THIS CAUSE was considered on [the court’s own motion! [the motion of a party] to designate this case a “complex ease” as defined in rule 1,201, Fla. R. Civ. P. Being fully advised in the circumstances, the court determines that the case meets the criteria for proceeding under the rule and designates it as a “complex case.”
The clerk of the court shall designate this case a “complex case,” update the court’s records accordingly, and report such designation and the case activity to the Supreme Court pursuant to section 25.075 Fla. Stat. and rule 2.245(a), Fla. R. Jud. Admin.
DONE AND ORDERED at_,_County, Florida, on__
Judge
RULE 12.100 PLEADINGS AND MOTIONS
Pleadings and motions shall be governed by Florida Rule of Civil Procedure 1.100, except that the requirement in rule 1.100(c)(3) that parties file a final disposition form with the clerk if the action is settled without a court order or .judgment being entered or if the action is dismissed by the parties, shall not apply to proceedings governed by these rules.
Commentary
[No change]
RULE 12.201. COMPLEX LITIGATION
Florida Rule of Civil Procedure 1.201 shall not apply in proceedings governed by these rules.
Florida Supreme Court Approved Family Law Form 12.928
Family Court Cover Sheet (01/10)
The Family Court Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner for the use of the clerk of court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. The petitioner must file this cover sheet with fust paperwork filed in the action or proceeding for all domestic and juvenile cases.
I. Case Style. Enter the name of the court, the appropriate case number as *577 signed at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of petitioner(s) and respondent(s).
II. Type of Action/Proceeding. Place a check in the appropriate box beside the proceeding you are initiating. If yom are simultaneously filing more than one type of proceeding against the same opposing party, such as a modification and an enforcement proceeding, complete a separate coversheet for each action being filed.
(A) Initial Action/Petition
(B) Reopening Case. If you check “Reopening Case,” indicate whether you are filing a modification or supplemental petition or an action for enforcement by checking the appropriate box.
(C) Modification/Supplemental Petition
(D) Petition Enforcement
III. Type of Case. Place a check in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place a check in the category and subcategory boxes. Definitions of the categories and subcategories are provided below.
(A) Simplified Dissolution of Marriage-petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
(B) Dissolution of Marriage — petitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.
(C) Domestic Violence — all matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
(D) Dating Violence — all matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check “Domestic violence.”
(E) Repeat Violence' — all matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check “Domestic violence.”
(F) Sexual Violence — all matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes. If you check this subcategory, you should also check “Domestic violence.”
(G) Support-IV-D — all matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.
(H) Support-Non IV-D — all matters relating to child or spousal support in which an application for assistance has not been filed under Title IVD, Social Security Act.
(I) UIFSAIV-D — all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.
(J) UIFSA-Non IV-D — all matters relating to Chapter 88, Florida Statutes, in which an application for as *578 sistance has not been filed under Title IV-D, Social Security Act.
(K) Other — all matters involving time-sharing and/or parenting plans relating to minor child(ren), adoption, juvenile dependency, juvenile delinquency, name change, paternity, separate maintenance, annulment, truancy, CINS/FINS, emancipation, declaratory judgment actions related to premarital, marital, or post-marital agreements, or other matters not included in the categories above.
(L) Adoption — all matters relating to adoption pursuant to Chapter 63, Florida Statutes. If you check this subcategory, you should also check “Other.”
(M) Juvenile Delinquency — all matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes. If you check this subcategory, you should also check “Other.”
(N) Juvenile Dependency — all matters relating to juvenile dependency and termination of parental rights pursuant to Chapter 39, Florida Statutes. If you check this subcategory, you should also check “Other.”
(O) Name Change — all matters relating to name change, pursuant to section 68.07, Florida Statutes. If you check this subcategory, you should also check “Other.”
(P) Paternity — all matters relating to paternity pursuant to Chapter 742, Florida Statutes. If you check this subcategory, you should also check “Other.”
ATTORNEY OR PARTY SIGNATURE.
Sign the family court cover sheet. Print legibly the name of the person signing the family court cover sheet. Attorneys must include a Florida Bar number. Insert the date the family court cover sheet is signed. Signature is a certification that filer has provided accurate information on the family court cover sheet.
Family Court Cover Sheet
Case Style
IN THE CIRCUIT COURT OF THE . IN AND FOR_ . JUDICIAL CIRCUIT, . COUNTY, FLORIDA
Petitioner Case No.:
Judge:_
and
Respondent
II. Type of Action/Proceeding. Place a check in the appropriate box beside the proceeding you are initiating. If you are simultaneously filing more than one type of proceeding against the same opposing party, such as a modification and an enforcement proceeding, complete a separate cover sheet for each action being filed. If you are reopening a case, check that box and one of the two boxes below it.
□ Initial Action/Petition
□ Reopening Case
□ Modification/Supplemental Petition
□ Petition Enforcement
*579 III. Type of Case. If the case fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place a check in the category and subcategory boxes.
□ Simplified dissolution □ UIFSA Non-IV-D
□ Dissolution □ Other
□ Domestic violence □ Adoption under Chapter 63
□ Dating Violence □ Juvenile Delinquency
□ Repeat Violence □ Juvenile Dependency
□ Sexual Violence under Chapter 39
□ Support IV-D □ Name Change
□ Support Non-IV-D □ Paternity
□ IJIFSA IV-D
IV. Has notice of any known related case, Family Law Form 12.900(h), been filed?
□ No.
□ Yes. If ‘Yes,” list all related cases by name, case number, and court.
ATTORNEY OR PARTY SIGNATURE
I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.
Signature_ FL Bar No.: _
Attorney or party (Bar number, if attorney)
(Type or print name) Date